Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6101 | DATE | 5/18/2004 |
| CASE TITLE | KEVIN JAY LONG vs. MCDERMOTT, ET AL | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant McDermott's motion (25-1) for summary judgment is granted. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 1 8 2004 | 30 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 2004 MAY 17 PM 3:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KEVIN JAY LONG,

    Plaintiff,

v.

MICHAEL J. McDERMOTT, EMERY JOSEPH YOST, JOHN YOST and JITKA YOST,

    Defendants.

No. 03 C 6101
Judge James B. Zagel

**DOCKETED**

**MAY 1 8 2004**

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin J. Long has sued Chicago Police Officer Michael J. McDermott, among other defendants, pursuant to 42 U.S.C. § 1983 and Illinois State law. Long claims his civil rights were violated when he was allegedly falsely arrested by McDermott, and when McDermott allegedly conspired to have Long falsely arrested. McDermott moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.[1]

Background

Long was arrested by Police Officers Jeffrey Kraushaar and Victor Alcazar at the Jefferson Park CTA Station ("CTA Station") at or about 4:45 p.m., on Monday, September 3, 2001, for public indecency related to an incident that occurred earlier that afternoon. At the time of Long's arrest, McDermott and fellow Police Officer Philip Crosby were traveling in their police car in the area and monitoring a radio call regarding an alleged sex offender trying to duck

---

[1] I direct McDermott's motion to both Long's First Amended Complaint and his Second Amended Complaint.

into the CTA Station. They proceeded to the scene to render any needed assistance. Upon arriving at the CTA Station, McDermott observed Kraushaar and Alcazar coming out of the terminal with Long already in their custody and handcuffed. Kraushaar and Alcazar asked McDermott and Crosby to transport Long in their police car to the 16th District Police Station ("police station") and to assist in the processing of his arrest. McDermott and Crosby agreed to transport Long because it was thought that their police car was more conveniently located for the immediate transport of Long to the police station and because they viewed this arrest as a good opportunity for Crosby to receive training from McDermott in the processing of an arrest.

Jitka Yost ("Jitka"), the underlying victim/witness in the public indecency offense alleged to have been committed by Long in this matter, came to the police station and signed a misdemeanor criminal complaint against Long in McDermott's presence. The complaint charged Long with public indecency for knowingly and intentionally exposing his genitalia to Jitka for the purpose of sexual gratification in the vicinity of 5220 West Argyle, in Chicago, in violation of 720 ILCS 5/11-9(a)2. Long admits that he was in the vicinity of this location at the time of the alleged incident. Moreover, Jitka positively identified Long in a line-up conducted at the police station on the evening of his arrest.

McDermott was not in any way involved in the initial taking into custody, arrest and charging of Long on September 3, 2001, in this matter, nor was he the arresting officer or court officer for the purposes of processing Long's arrest. McDermott did not even personally know, nor have knowledge of Long at the time, nor did he personally know, or have knowledge of Jitka, John Yost, or Emery Yost, the other defendants with whom McDermott is alleged to have conspired to falsely arrest Long.

Analysis

McDermott is entitled to summary judgment if the record, viewed in the light most favorable to Long, shows there is no genuine issue of material fact and that McDermott is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir. 2003). Entry of summary judgment against a party is proper when the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* To survive this summary judgment motion, Long must do more than merely demonstrate a factual dispute; he must offer evidence sufficient to support a verdict in his favor. *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

False Arrest, False Imprisonment and Malicious Prosecution (Counts II, III and IV)

Long's claims for false arrest, false imprisonment and malicious prosecution against McDermott fail. Because McDermott did not arrest Long, he cannot be held liable for false arrest. "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). McDermott's only actions with respect to Long's arrest in this matter are assisting with his transport to the police station after he had already been taken into custody and assisting with

3

paper work pertaining to his arrest. Without more, McDermott's role does not rise to the level of actually "participating" in Long's arrest. *See Jenkins v. Keating*, 147 F.3d 577, 583-4 (7th Cir. 1998) (ministerial action of signing arrest paperwork does not give rise to § 1983 liability). Long's alleged constitutional deprivations in regard to a false arrest claim would have occurred at the moment he was taken into custody by Kraushaar and Alcazar. Accordingly, McDermott is entitled to summary judgment on these claims.

Moreover, McDermott is entitled to summary judgment because regardless of his level of participation, there was probable cause to arrest Long, and the existence of probable cause precludes any § 1983 or state claim for unlawful arrest, false arrest, or malicious prosecution. *Terket v. Lund*, 623 F.2d 29, 31 (7th Cir. 1980); *Friedman v. Skokie*, 763 F.2d 236, 239 (7th Cir. 1985); *Aboufariss v. City of DeKalb*, 713 N.E.2d 804, 809 (Ill. App. Ct. 1999). First, McDermott took Long into custody based on information given to him by Kraushaar and Alcazar. McDermott had no personal knowledge of the incident, but acted on information obtained from other police officers. Because it was reasonable for McDermott to rely on what he was told by his fellow officers, and because he was not given any contradictory information to question what the officers told him, he is entitled to summary judgment in his favor. *Marchetta v. Chicago Transit Authority*, No. 01 C 4838, 2002 WL 172447, at *5 (N.D. Ill. Feb. 4, 2002) ("Police officers are entitled to rely on allegations of other officers [during the course of an arrest.] The police who actually make the arrest need not personally know all the facts that constitute probable cause if they reasonably are acting at the direction of another officer or police agency.") (citing *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000); *United States v. Valencia*, 913 F.2d 378, 383 (7th Cir. 1990)).

In addition, as a general rule, "[t]he complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003). Once a police officer establishes "cause on every element of a crime, he need not continue investigating in order to test the suspect's claim of innocence." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998). Here, Long was arrested based upon a signed misdemeanor complaint filed in the Circuit Court of Cook County charging him with public indecency. Moreover, the alleged victim/witness, Jitka, signed the complaint in the presence of McDermott at the police station and then positively identified Long as the perpetrator of this offense from a line-up. Long admits in his Second Amended Complaint that not only does the complaint exist, but also that he was in the immediate vicinity of Jitka at the time of the alleged incident at 5220 West Argyle. Finally, the circumstances surrounding Long's arrest could not have lead McDermott to be suspicious and thus lead to any further duty to investigate. Therefore, because there was probable cause for Long's arrest as he was arrested pursuant to a signed complaint by a private citizen, McDermott is not liable for said arrest, and summary judgment is granted in favor of McDermott and against Long for all of his § 1983 and state claims for false arrest, false imprisonment and malicious prosecution. *See Spiegel v. Cortese*, 196 F.3d 717 (7th Cir. 1999); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986).[2]

---

[2] Long claims that an issue of material fact exists as to these claims on the basis of McDermott's admission that Long's arrest was false or unlawfully made during Long's direct examination of McDermott on December 12, 2003 as part of the proceedings in the case of *People v. Long*, 02 CR 7128 (Circuit Court of Cook County, Illinois). In reviewing this statement in the context of the complete transcript of the examination, it cannot be reasonably

5

## Conspiracy (Counts I and V)

Long claims that McDermott agreed to participate with the other named defendants in this matter in a scheme to deprive him of his civil rights. To establish a conspiracy, Long must demonstrate the existence of an agreement or acts "sufficient to raise the inference of mutual understanding" and a "whiff" of the conspirator's assent must be apparent in his complaint. *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000) (quoting *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991). "[A] conspiracy claim cannot survive summary judgment if the allegations are vague, conclusory and include no overt acts reasonably related to the promotion of the alleged conspiracy." *Amundsen*, 218 F.3d at 718 (omitting quotations). Here, not only are Long's conspiracy allegations in regard to McDermott vague, conclusory, and devoid of any mention of overt acts reasonably related to the promotion of the alleged conspiracy, McDermott did not even personally know, nor have knowledge of, Long or the other named defendants in this matter, and therefore had no motive or reason whatsoever to participate in such an alleged conspiracy. Summary judgment is thus granted in favor of McDermott and against Long on any and all of his alleged federal and state conspiracy counts contained in Counts I and V of his Second Amended Complaint.

## State Law Claims (Counts III, IV and V)

To the extent Long is making claims based on State of Illinois common law, the statute of limitations for state law claims against a municipality or its employees is one year. 745 ILCS

---

inferred that McDermott made such an alleged omission. Accordingly, no genuine issue of material fact as to these claims exist.

10/8-101. McDermott was at all times relevant to this matter a Chicago Police Office acting under color of state law. The incident upon which Long's Second Amended Complaint is based occurred on September 3, 2001. Therefore, because Long filed his original Complaint in this matter on August 29, 2003, summary judgment is granted in McDermott's favor and against Long on all state law claims directed to McDermott because they were filed beyond the statute of limitations. Long's argument that a two-year, rather than a one-year limitations period ignores *Wilson v. Garcia*, 471 U.S. 261 (1985), in which the Supreme Court held that the respective state personal injury statutes of limitations apply to all § 1983 actions. Hence, the one-year period under 745 ILCS 10/8-101 applies.

Qualified Immunity

Even if I were to conclude that summary judgment in favor of McDermott on the counts and claims above was not appropriate as described above, summary judgment is nonetheless appropriate because McDermott is entitled to qualified immunity.[3] He was at all times relevant to this matter a Chicago Police Officer acting under color of state law. An officer is entitled to qualified immunity if his alleged conduct did not violate a constitutional right, or if a reasonable police officer in his position could have believed that his actions were within constitutional limits clearly established at the time. *Chavez v. Martinez*, 538 U.S. 760 (2003); *see also, Saucier v. Katz*, 533 U.S. 194, 201 (2001). Police officers who "reasonably but mistakenly conclude that probable cause is present" are entitled to qualified immunity for a claim of false arrest. *Hunter v.*

---

[3] Whether an officer has qualified immunity is a question of law for the judge to decide. *See Whitt v. Smith*, 832 F.2d 451, 453 (7th Cir. 1987).

7

*Bryant*, 502 U.S. 224, 227 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). It is Long who bears the burden of proving a clearly established right sufficient to defeat McDermott's invocation of qualified immunity. *Hannon v. Turnage*, 892 F.2d 653, 656 (7th Cir. 1990); *Aboufariss*, 713 N.E.2d at 813. Unless no reasonable official could have believed the alleged conduct was lawful, McDermott is entitled to qualified immunity; if reasonable officials could have disagreed, McDermott is entitled to summary judgment in his favor and against Long. *Klein v. Ryan*, 847 F.2d 368, 375 (7th Cir. 1988); *Aboufariss*, 713 N.E.2d at 813. Here, McDermott relied on representations made by his fellow officers and a complaint signed by the victim/witness in the matter, and a reasonable police officer in his position could have believed that his actions were within constitutional limits clearly established at the time. He is thus entitled to qualified immunity, and summary judgment in favor of McDermott and against Long for all counts on this additional basis is appropriate.

For the reasons above, McDermott's Motion for Summary Judgment is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 18 May 2004

8