# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6101 | **DATE** | 7/8/2004 |
| **CASE TITLE** | KEVIN LONG vs. MCDERMOTT, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants motion (31-1) to quash service and to dismiss (31-2) rule to show cause is granted. Motion (21-2) for rule to show cause is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | date docketed | |
| | Notified counsel by telephone. | | | | 36 |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT CLERK | | |
| DW | courtroom deputy's initials | | 2004 JUL 12 PM 6:31 | date mailed notice | |
| | | | Date/time received in central Clerk's Office FILED | mailing deputy initials | |

KEVIN JAY LONG,

    Plaintiff,

v.

POLICE OFFICER MICHAEL J.
McDERMOTT, EMERY JOSEPH YOST,
JOHN YOST, JITKA YOST,

    Defendants.

No. 03 C 6101
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Jay Long filed his complaint on August 29, 2003. On May 18, 2004, I granted summary judgment in favor of Defendant Michael McDermott, thus ending the case as it pertained to him. Defendants Emery Joseph, John, and Jitka Yost ("the Defendants") now move to quash service and to dismiss Long's complaint as to them and for rule to show cause why Long should not be held in contempt of court.

### Motion to Quash Service and to Dismiss Complaint

Under Federal Rule of Civil Procedure 4(e)(2), proper service is achieved by delivering a copy of the summons and complaint to the Defendants personally. Under Rule 4(m), this service must be made within 120 days after filing the complaint, and I should dismiss the action without prejudice if it is not. Because Long filed his complaint on August 29, 2003, he had until December 31, 2003 to serve the Defendants. At the time of filing, no summons were issued by the Clerk of the Court. In fact, it is beyond dispute that the first and only summons for the Defendants were issued on January 6, 2004. Long thus failed to complete service within 120

days. Therefore, any service attempted on or after January 6, 2004 is quashed, and his complaint is dismissed.

Motion for Rule to Show Cause

On many occasions via telephone and by letter, Defendants' counsel allegedly advised Long of the requirements of Rule 4 and its state counterparts.[1] Nonetheless, throughout the course of this litigation, Long has filed several documents with the court in which he asserts that the defendants have been properly served. Based on the discussions above, this is clearly not correct.

On January 6, 2004, Long assured the court that he had proof of such service. Defendants now allege that immediately after this status hearing, Long either went to the Clerk's office and obtained blank summons forms or took blank summons forms already in his possession to the Clerk's office. He then allegedly executed or caused to be executed the Returns of Service for the Defendants. During the same day, Long allegedly returned to the Clerk's office and asked if he could backdate the summons issuance date in order to match the service date. The Clerk allegedly refused. The Clerk allegedly signed the summons and dated them January 6, 2004, but noting an apparent defect – namely, that the Returns of Service had already been executed – did not seal the summons. Long then allegedly filed the summons and the Returns on the back as well as an affidavit of service by a special process service. On February 4, 2004, Long then filed

---

[1] In addition, this Court publishes a guide to *pro se* litigants, which clearly describes a summons and the requirements to make it valid, and Long's repeated citations to Rule 4 in his briefs to this Court demonstrate that he is familiar with the rule's requirements.

2

another document with the court asserting several times over that the Defendants had been "properly served." He further asserted that the Returns were "properly filed."

Based on the allegations above, Defendants move for rule to show cause why Long should not be held in contempt of court. Defendants argue that Long's statement in open court on January 6, 2004, that he had properly served Defendants was false and that he knew the statement was false. They argue that at the time he made the statement, Long possessed neither a summons issued by the Court nor the Returns of Service for those summons. Defendants further argue that Long suborned falsehood by having his wife or girlfriend sign the Returns of Service for the John and Jitka Yost summons. These Returns indicated that the summons issued on January 6, 2004 were served back in October of 2003. Despite this falsity, Long filed these Returns with the Clerk of the Court. In addition, he filed affidavits of service to allegedly give the appearance that the summons issued on January 6, 2004 were served in 2003.

In addition to all of this, Defendants point out that in his response to the Defendants' motion, Long once again included Defendants' respective Social Security numbers and other personal information in the caption. On February 19, 2004, I specifically admonished Long not to include this information in any additional documents filed with the court. Moreover, Long has allegedly once again sent through the U.S. Mail offensive material to the Yosts. If he has indeed done so, this is in complete disregard of another admonishment not to do so.

"A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737-38 (7th Cir. 1999); *see, e.g., D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir.1993); *Ferrell v. Pierce*, 785 F.2d 1372, 1378

3

(7th Cir. 1986). To hold a party or witness in civil contempt, I "must be able to point to a decree from the court which 'sets forth in specific detail an unequivocal command' which the party [or witness] in contempt violated." *Id.* (quoting *H.K. Porter Co. v. Nat'l Friction Prods. Corp.*, 568 F.2d 24, 27 (7th Cir. 1977)). "Civil contempt proceedings are coercive and remedial, but not punitive, in nature and sanctions for civil contempt are designed to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *Jones*, 188 F.3d at 738 (citing *International Union, UMW v. Bagwell*, 512 U.S. 821, 826-28 (1994); *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)).

Civil contempt proceedings may therefore be classified into two categories: (1) coercive sanctions (which seek to induce future behavior by attempting to coerce a recalcitrant party or witness to comply with an express directive from the court); and (2) remedial sanctions (which seek to compensate an aggrieved party for losses sustained as a result of the contemnor's disobedience of a court's order or decree made for the aggrieved party's benefit). *See Latrobe Steel Co. v. United Steelworkers of Am.*, 545 F.2d 1336, 1344 (3rd Cir. 1976). "However, irrespective of the nature of the civil contempt, whether it be coercive or remedial, any sanction imposed by the court must be predicated on a violation of an explicit court order." *Jones*, 188 F.3d at 738 (citing *Ferrell*, 785 F.2d at 1378; *Boylan v. Detrio*, 187 F.2d 375, 378-79 (5th Cir. 1951)). In this case, Defendants' motion is remedial as to Long's alleged subornation of falsehood and filing of false Returns, and coercive as to Long's repeated use of Defendants' respective social security numbers and his persistence in mailing offensive materials to the Defendants.

4

Regarding the remedial sanctions, civil contempt is an improper method by which to punish perjurious or false testimony absent some element of obstruction of justice. *See Ex parte Hudgings*, 249 U.S. 378, 383-84 (1919); *see also In re Michael*, 326 U.S. 224, 227-28 (1945) ("perjury alone does not constitute an 'obstruction' which justifies exertion of the contempt power"); *Sigety v. Abrams*, 632 F.2d 969, 976 (2d Cir. 1980) ("As broad as the power of civil contempt may be, it does not include the power to punish for the crime of perjury"). In *Ex parte Hudgings*, the trial court held a witness in contempt for refusing to testify truthfully at trial and ordered the witness committed into custody until he purged himself of the contempt for which he was being punished. 249 U.S. at 381-82. The issue placed before the Supreme Court was whether the "power to punish for contempt exists in every case where a court is of the opinion that a witness is committing perjury." *Id.* at 382. The Court held that a witness could not be held in contempt for perjury unless it be shown that some further element of obstructing the court's authority be proven. *See id.* at 383-84. The Court explained:

> An obstruction to the performance of judicial duty resulting from an act done in the presence of the court is . . . the characteristic upon which the power to punish for contempt must rest. This being true, it follows that the presence of that element must clearly be shown in every case where the power to punish for contempt is exerted--a principle which, applied to the subject in hand, exacts that in order to punish perjury in the presence of the court as a contempt there must be added to the essential elements of perjury under the general law the further element of obstruction to the court in the performance of its duty.

*Id.* at 383.

In the instant case, Defendants' motion makes allegations of obstructive elements other than Long's alleged subornation of falsehood. If I find these allegations to be true, I have the authority to hold Long in civil contempt and subject him to remedial sanctions. Accordingly, I

5

will grant the motion for rule to show cause on this basis, and conduct a factual hearing as to whether the allegations are indeed true and, if they are true, what the appropriate sanctions are.

Regarding the coercive sanctions, it is undisputed that in his response to the Defendant's Motion for Rule to Show Cause, Long once again included Defendants' respective Social Security numbers and other personal information in the caption in direct "violation of an explicit court order." *Jones*, 188 F.3d at 738. Therefore, I grant the motion for rule to show cause on this additional basis, and the factual hearing pertaining to the allegations above will additionally address the appropriate sanctions for this violation. This hearing will also explore whether Long has once again sent through the U.S. Mail offensive material to the Yosts in direct "violation of an explicit court order," *id.*, and the appropriate sanctions for this violation if he has.

For the reasons above, Defendants' Motion to Quash Service and to Dismiss Complaint and their Motion for Rule to Show Cause are GRANTED. The parties are instructed to schedule further proceedings in accordance with this decision.

ENTER:

James B. Zagel
United States District Judge

DATE: 8 July 2004