

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6101 | **DATE** | 11/29/2004 |
| **CASE TITLE** | KEVIN JAY LONG vs. MCDERMOTT, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants amended motion for Rule 11 sanctions is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 0 1 2004 | 55 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEVIN JAY LONG,

    Plaintiff,

v.

POLICE OFFICER MICHAEL J.
MCDERMOTT, EMERY JOSEPH YOST,
JOHN YOST AND JITKA YOST,

    Defendants.

No. 03 C 6101
Judge James B. Zagel



DOCKETED
DEC 0 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Jay Long filed a complaint alleging, *inter alia*, violations of his civil rights by Police Officer Michael J. McDermott and citizens Emery Joseph, John, and Jitka Yost ("Yost Defendants"). The Yost Defendants moved for rule to show cause why Mr. Long should not be held in contempt of court for failure to properly serve them and for other aspects of Mr. Long's behavior during this litigation. I granted that motion on July 8, 2004, ruling that Mr. Long was entitled to a factual hearing to show cause regarding allegations that he suborned falsehoods and filed false returns of service and that he published Defendants' social security numbers in violation of an explicit court order. Mr. Long appeared before me on September 21, 2004, and again on October 22, 2004, to address these allegations and to show cause why he should not be held in contempt.

The authority to find Mr. Long in civil contempt and to impose sanctions upon him "rests in [this court's] inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737-38 (7th Cir. 1999). In order to find Mr. Long in contempt, I must show that he violated

55

a decree from this court that "set forth in specific detail an unequivocal command." *H. K. Porter Co. v. National Friction Prods. Corp.*, 568 F.2d 24, 27 (7th Cir. 1977). A finding of civil contempt is not a punitive measure; rather, it is coercive or remedial in nature and is "designed to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *Jones*, 188 F.3d at 738 (citations omitted). In this case, sanctions for subornation of falsehood and filing false returns would be remedial in nature, whereas sanctions for publishing Defendants' social security numbers. *See Long v. McDermott*, No. 03 C 6101, 2004 U.S. Dist. LEXIS 12639 (N.D. Ill. July 8, 2004) at *6-7. Based on the September and October hearings and on Mr. Long's conduct and statements throughout this litigation, I find Mr. Long in contempt of court on both counts and impose sanctions as described below.

### *Violation 1: Failure of Service, Filing False Returns of Service & Suborning Falsehoods*

Mr. Long failed to effect proper service on the Defendants as required by the *Federal Rules of Civil Procedure*. Proper service is achieved by delivering a copy of the summons and complaint to the defendants personally. Under *Fed. R. Civ. P. 4(m)* this service must be made within 120 days after filing the complaint or the action must be dismissed with prejudice. Mr. Long filed his complaint on August 29, 2003; however, summonses for the Defendants were not issued until January 6, 2004, after the 120-day deadline for proper service. Moreover, the Clerk of the Court refused to seal the summonses because the attached returns of service falsely alleged service long before the summonses were issued. In the rule to show cause hearings, I asked Mr. Long to show cause for filing false returns and thereafter insisting service was proper.

Defendants first challenged Mr. Long's service of the complaint and summonses at a hearing on January 6, 2004. When Defendants asked him to prove proper service, Mr. Long stated, "Judge, I am filing that today . . . I am filing the affidavits [averring proper service] today." *Hr'g Tr.*, at 9. Mr. Long subsequently submitted copies of un-sealed summonses issued by the Clerk on January 6, 2004 (the date of the hearing). The return of service attached to each summons acknowledges a service date prior to January 6 – an impossibility.[1]

Nevertheless, Mr. Long continued to assert that service was proper. On February 4, 2004, Mr. Long filed a document with this court stating several times that Defendants were "properly served" and that the returns were "properly filed." *Pl.'s Ans. to Def. Mot. for Sanctions*, at 2-3. Additionally, at a hearing on February 19, 2004, Mr. Long insisted that he had not committed fraud on January 6 when assuring me that he effected proper service on Defendants. *Hr'g Tr.*, at 12. Mr. Long even alleged that Defendant's Motion for Rule to Show Cause was "frivolous." *Pl. Ans. to Def. Mt. to Quash*, at 2 (again stating "I properly filed the Returns of Service on 1/6/04").[2]

---

[1] Defendants allege that to prove proper service, Mr. Long asked the Clerk of Court to backdate the summonses to match the dates found on the returns of service. I need not find that Mr. Long engaged in such egregious behavior in order to find him in contempt. Mr. Long's attempted duplicity is evident in the returns of service that falsely declare service of the summonses prior to January 6.

[2] Mr. Long's suggestion (in his Response to the Motion to Quash) that improper service should be forgiven because of his status as a *pro se* litigant is without merit. Mr. Long is no stranger to the courts of the Northern District of Illinois, having filed no less than four civil suits in the last three years. Moreover, the Northern District publishes a guide for *pro se* litigants, which clearly describes the process for effecting proper service. Mr. Long's repeated citations to Rule 4 in his briefs to this Court demonstrate that he is familiar with the rule and its requirements.

3

Finally, on September 21, 2004, Mr. Long admitted that service on Defendants was not proper. *Hr'g Tr.*, at 25-26. ("It was my mistake. I sent out the summons and the complaints. The summons lacked the Clerk's seal and signature. I was under the impression when I bring it back I get it sealed.") At the hearing it became clear that Mr. Long knew as early as January 6, 2004 – if not earlier – that he had failed to serve Defendants properly.[3] *Id.* at 26. ("The only problem was, which we all know now, is that I didn't get the summons stamped and sealed and signed prior to serving it. I went up and I had it filed. They filed it with a deficiency for the obvious reason.") Mr. Long offered no credible explanation for his decision to file false returns of service or for his subsequent written and oral declarations that service was proper, but suggested that, at worst, he violated a mere "technicality" not rising to the level of improper service.

Mr. Long attempted to mislead this court in an effort to prolong litigation against his rivals in a protracted and nasty neighborhood dispute. To this day, Mr. Long continues to deny improper service, despite convincing evidence and his own admission to the contrary. His actions not only suborned falsehood, but obstructed justice. I therefore find him in contempt and impose sanctions as described below. *See Ex parte Hudgings*, 249 U.S. 378, 383 (1919) (a witness cannot be found in civil contempt without finding both perjury and an "obstruction to the performance of judicial duty resulting from an act done in the presence of the court").

---

[3]Counsel for Defendants states that in December, 2003, he notified Mr. Long by letter of the defect in service. Mr. Long did not contradict this assertion and even admits receiving counsel's warning about improper service in a telephone message. *Pl. Ans.* at n. 4 (June 7, 2004). Although Mr. Long was not obligated to follow opposing counsel's instructions for proper service, Mr. Long clearly had notice that service likely was ineffective prior to January 6, 2004.

4

*Violation 2: Publishing Defendants' Social Security Numbers*

Additionally, I hold Mr. Long in contempt for publishing Defendants' social security numbers on documents filed with this court in direct violation of "an explicit court order." *See Jones*, 188 F.3d at 738. On February 19, 2004, I ordered Mr. Long to cease immediately his practice of including Defendants' social security numbers on documents filed in this court.[4] *Long v. McDermott*, No. 03 C 6101 (N.D. Ill. filed Aug. 29, 2003) (order striking and redacting complaint and requiring amended complaint). It is undisputed that in his response to Defendants' Motion to Quash Service, filed on June 7, 2004, Mr. Long once again included the Defendants' social security numbers and other personal information in the caption. *See Pl. Ans. To Def. Mot. To Quash*, at 1.

At the September and October rule to show cause hearings, Mr. Long failed to show why he should not be held in contempt for violating this order. To the contrary, Mr. Long insisted that I never ordered him to cease publishing Defendants' personal information in court documents. *Hr'g Tr.*, Sept. 21, 2004, at 15. ("This Court has never issued me any orders concerning the publishing of personal information. I have the transcripts.") That statement was clearly incorrect, and Mr. Long offered no adequate explanation for what I find to be a deliberate

---

[4]This was not the only time Mr. Long was subject to such an order; he received similar instruction from Judge St. Eve two months later in a separate but related case. Despite warnings from two District Court judges regarding this conduct, Mr. Long subsequently filed a case before Judge Gottschall in which he once again listed the defendants' social security numbers. Mr. Long's obstinate behavior resulted in an Executive Order prohibiting him from publishing the social security numbers, birth dates or other identifying information about parties named in a complaint without first obtaining leave of the court. *See Executive Committee Order*, September 27, 2004.

decision to violate that order.[5] Defendants, therefore, are entitled to remedial sanctions. *See Jones*, 188 F.3d at 138.

*Sanctions*

To date, Defendants have incurred more than $10,000 in attorneys' fees and costs. Mr. Long has failed to provide information regarding his ability to pay these fees as I encouraged him to do on October 22, 2004. Given that his conduct subjects him to both remedial and coercive sanctions, I impose sanctions for the full amount of Defendants' costs, which include $10,500 in attorneys' fees and $598.16 in costs. This award is intended to compensate Defendants for the

---

[5]Mr. Long's attempt to convince me that his repeated publication of defendants' personal information in various cases was not malicious has only persuaded me that at the very least, his actions were deliberate, and not inadvertent. *See Hr'g Tr.*, Sept. 21, 2004, at 16-17 (discussing Mr. Long's decision to publish personal information in 04 C 4581 *(Long v. Vogel)* despite receiving instructions to the contrary in my court and in Judge St. Eve's court).

THE COURT: Okay, try Judge St. Eve's case.
MR. LONG: She did issue an order and I did redact everything. Her jurisdiction is on that case. It is not on the other case [*Long v. Vogel*].
THE COURT: So your argument is because one Judge told you not to do it it wouldn't apply to any other case that you file?
MR. LONG: Her order doesn't have jurisdiction in another –
THE COURT: No, no, that is my point. Your basic position is her order would apply only to complaints filed in her Court; it wouldn't apply to the complaints filed before any other Judge.
MR. LONG: That is what she also said when she gave her order.
THE COURT: She said that it wouldn't apply to any other Judge?
MR. LONG: Yes, because the defense counsel was asking for any other case I could file anywhere in the world. She said, smiled and said, I don't have jurisdiction on any other case.
THE COURT: So you figured it was okay to do it?
MR. LONG: I didn't do it to be malicious, if that is what you are asking.
THE COURT: No, no. I didn't ask you that.
MR. LONG: I figured, yes I figured –
THE COURT: It is okay to do it.
MR. LONG: I figured it is not the same case.
THE COURT: So it is okay to do it.
MR. LONG: Yes...

cost of defending against a lawsuit for which proper service was never made, and to ensure Mr. Long's future compliance with my explicit order to stop publishing Defendants' personal information (including but not limited to their social security numbers) in documents filed with this court.

ENTER: *James B. Zagel*

James B. Zagel
United States District Judge

DATE: **NOV 2 9 2004**